UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
MALONE DIVISION

| | | |
|---|---|---|
| CHRISTINE SHAFFER | ) | Case No. 8:10-CV-0777(GTS/DRH) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| RELIANT CAPITAL SOLUTIONS, LLC | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Christine Shaffer ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of Franklin, and City of Brushton.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Reliant Capital Solutions, LLC ("Defendant") is an entity who

at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant disclosed to a third party the existence of the debt allegedly owed by Plaintiff, including Defendant's debt collectors calling Plaintiff's brother in law on or about April 21, 2010, and disclosing the existence of the debt and requesting Plaintiff's cell phone number, if she had one.

12. When Plaintiffs brother in law stated that he was not aware if Plaintiff had a cell phone, the caller responded, "well they must be having financial problems, then." (§ 1692b(2) & § 1692c(b)).

13.     Defendant used false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including Defendant's collection agent, on or about April 21, 2010, stating to Plaintiff when she indicated that she would need make a delayed payment, "I'm going to mark this file as a refusal to pay!" (§ 1692e(10).

14.     Defendant falsely represented or implied that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiffs property or wages, where such action is not lawful or Defendant did not intend to take such action, including Defendant's collection agent, on or about April 21, 2010, stating to Plaintiff that if she did not make her next payment, Defendant would have Plaintiff's wages garnished by up to 25% without having the benefit of a legal judgment or any court proceeding in place (§ 1692e(4)).

15.     Defendant communicated or threatened to communicate credit information which is known or which should be known to be false, including Defendant's collector, on or about April 21, 2010, stating to Plaintiff during a telephone call that her alleged refusal to pay the alleged debt on the collection agents terms would "ruin" [Plaintiffs] credit (§ 1692e(8)).

16.     In connection with collection of a debt, Defendant also used language the natural consequence of which was to abuse Plaintiff, including Defendant's collection agent shouting at Plaintiff, on or about April 21, 2010, and stating, "if your trying to arrive at a different payment arrangement, your just wasting my time!" (§ 1692d(2)).

17.     Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or

emotional distress.

## COUNT I

18.     Plaintiff repeats and re-alleges each and every allegation contained above.

19.     Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

20.     Plaintiff is entitled to and hereby demands a trial by jury.

This 30th day of June, 2010.

ATTORNEYS FOR PLAINTIFF
*Christine Shaffer*

Respectfully submitted,

s/Dennis R. Kurz
Dennis R. Kurz
NY Bar No. 4570453

*Weisberg & Meyers, LLC*
Attorneys for Plaintiff
300 International Drive, Suite 100
Williamsville
 Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

*Weisberg & Meyers, LLC*
80 Broad Street, 5th Floor
New York, NY 10004

*Please send correspondence to the address below*

Dennis R. Kurz
NY Bar No. 4570453
*Weisberg & Meyers, LLC*
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012